Argued and submitted November 9, ballot title certified as modified
December 9, 1999

Brian J. DELASHMUTT,
Scott Gallant and Gary F. Oxley,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General
of the State of Oregon,
*Respondent.*

Linda C. LOVE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
of the State of Oregon,
*Respondent.*

(SC S46841; S46843)
(Cases Consolidated for Argument and Opinion)

992 P2d 442

James N. Gardner, of Gardner & Gardner, P.C., Portland, argued the cause and filed the petition for petitioners Brian J. DeLashmutt, Scott Gallant, and Gary F. Oxley.

Kathryn H. Clarke, Portland, argued the cause and filed the petition for petitioner Linda C. Love.

Philip Schradle, Chief Civil Assistant Attorney General, Salem, argued the cause for respondent. With him on the responses were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

GILLETTE, J.

These are two consolidated proceedings brought under ORS 250.085(2) to review the ballot title for a measure referred to the people by the 1999 Legislative Assembly. The referred measure, House Joint Resolution 2, would add a new section 34 to Article IV of the Oregon Constitution. The new section would provide:

"Notwithstanding any other provision of this Constitution, the Legislative Assembly by law may impose limitations on the damages that may be recovered in civil actions."

Petitioners are electors who timely submitted written comments concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the ballot title certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement). The Attorney General's certified ballot title provides as follows:

"AMENDS CONSTITUTION: ALLOWS LEGISLATURE
TO LIMIT RECOVERY OF DAMAGES IN
CIVIL ACTIONS

"RESULT OF 'YES' VOTE: 'Yes' vote adds constitutional provision allowing legislature to limit recovery of damages in civil actions.

"RESULT OF 'NO' VOTE: 'No' vote retains restrictions on legislature's authority to limit recovery of damages in civil actions.

"SUMMARY: Amends Constitution. Under current judicial interpretation of the Oregon Constitution, there are restrictions on the legislature's authority to limit recovery of damages in civil actions. These restrictions include a prohibition barring the legislature from limiting recovery of noneconomic damages in personal injury actions. This measure overrides those restrictions by adding a new constitutional provision expressly allowing the legislature to impose limits on damages that may be recovered in civil actions."

■        We address the arguments made by each petition separately. Petitioners DeLashmutt, Gallant, and Oxley challenge only the "no" result statement and the summary of

the Attorney General's ballot title. We have considered each of petitioners' arguments, but conclude that none establishes that the Attorney General's certified ballot title fails to comply with the standards for such ballot titles set out in ORS 250.035(2)(c) and (d) (1997).[1] Accordingly, we turn to the arguments advanced by petitioner Love.

Petitioner Love challenges only the summary of the Attorney General's certified ballot title. The summary must be "a concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d) (1997). Petitioner Love asserts that the Attorney General's summary fails the foregoing test because it neither identifies adequately the state of current law nor describes adequately the breadth of the proposed measure.

■ Petitioner Love's first argument is premised on the idea (with which the Attorney General agrees) that the referred measure is a legislative response to *Lakin v. Senco Products, Inc.*, 329 Or 62, 987 P2d 463 (1999). In *Lakin*, this court invalidated ORS 18.560(1), a statute that purported to place a $500,000 "cap" on awards of noneconomic damages in personal injury cases, on the ground that the statute impermissibly interfered with the constitutional guarantee of a right to trial by jury found in Article I, section 17, of the Oregon Constitution. We accept that premise. From it, petitioner Love asserts that the second sentence of the Attorney General's summary should be modified by adding the words, "awarded by juries," after "damages." We agree with petitioner Love that such an addition might make the sentence better, but we do not view the absence of the phrase as making either the sentence or the summary as a whole inadequate under the statutory standard.

■ Petitioner Love next argues that the sweep of the second sentence is too great, in that it appears to state that the Oregon Constitution presently impedes the legislature's ability to limit damage awards in any and all civil actions. That objection is well taken. The sentence speaks of constitutional "restrictions on the legislature's authority to limit

---

[1] The 1999 Legislature amended ORS 250.035(2) in several ways. Or Laws 1999, ch 793, § 1. Those amendments do not affect the petitions in the present case.

recovery of damages in civil actions" and is a statement of apparent general applicability. On several occasions, however, this court has approved, against a variety of constitutional challenges, legislative choices to limit damages in some kinds of civil actions. *See, e.g., Greist v. Phillips*, 322 Or 281, 906 P2d 789 (1995) (upholding limitation on damages in wrongful death actions); *Hale v. Port of Portland*, 308 Or 508, 783 P2d 506 (1989) (upholding limitation on damages in tort claims against public bodies). We modify the sentence in question in the manner set out below.[2]

■      Finally, petitioner Love argues that the Attorney General's summary fails to state adequately the breadth of the referred measure. The measure, Love argues, speaks without limitation to "civil actions," thereby authorizing the statutorily directed reduction (or even elimination) of damages in any category of case that falls under that broad umbrella. Thus, Love reasons, the Attorney General's choice to include the specific and limited discussion of "noneconomic damages in personal injury actions" in the third sentence of the summary narrowly and incorrectly focuses the reader's attention on the result of the *Lakin* decision, rather than on the broader policy choice embodied in the referred measure.

Again, we agree. The measure's unrestricted reference to "civil actions" includes not merely personal injury actions, but also contract actions, trespass actions, and economic tort actions, among others. The sentence in question should be eliminated. The summary also should be modified in other respects to eliminate its overly narrow focus. The following summary (in which the omissions have been bracketed and the additions have been italicized) addresses the well-founded objections made by petitioner Love:

> SUMMARY: Amends Constitution. Under [current judicial interpretation of] the Oregon Constitution, [there are restrictions on] *the right to jury trial restricts* the legislature's authority to limit recovery of *some kinds of* damages in *some* civil actions. This measure overrides that restriction by adding a new constitutional provision expressly

---

[2] In modifying the sentence, we also have deleted the phrase, "current judicial interpretation." It is not a *judicial interpretation* that is pertinent; it is the meaning of the Oregon Constitution itself.

allowing the legislature to impose limits on damages that may be recovered in *any* civil action.

Based on the foregoing discussion, we certify the following ballot title for the referred measure to the Secretary of State:

## AMENDS CONSTITUTION: ALLOWS LEGISLATURE TO LIMIT RECOVERY OF DAMAGES IN CIVIL ACTIONS

RESULT OF "YES" VOTE: "Yes" vote adds constitutional provision allowing legislature to limit recovery of damages in civil actions.

RESULT OF "NO" VOTE: "No" vote retains restrictions on legislature's authority to limit recovery of damages in civil actions.

SUMMARY: Amends Constitution. Under the Oregon Constitution, the right to jury trial restricts the legislature's authority to limit recovery of some kinds of damages in some civil actions. This measure overrides that restriction by adding a new constitutional provision expressly allowing the legislature to impose limits on damages that may be recovered in any civil action.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).