Argued and submitted January 7, ballot title certified as modified
January 21, 2000

Denise M. MILLS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S47065)

993 P2d 807

Michael Mills, Salem, argued the cause and filed the petition for petitioner.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding brought under ORS 250.085(2). Petitioner is an elector who timely submitted written comments concerning the content of the draft ballot title submitted to the to the Secretary of State and who therefore is entitled to seek review of the ballot title certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement).

Petitioner challenges the Attorney General's "yes" result statement and summary. We do not find petitioner's objections to the Attorney General's "yes" result statement to be well taken. We find one of petitioner's objections to the Attorney General's summary to be well taken. Petitioner argues that the first sentence of the summary is not a correct statement of existing law. *See Delashmutt v. Myers*, 329 Or 516, 520-21, 992 P2d 442 (1999) (demonstrating that ballot title must state existing law accurately). The first sentence of the Attorney General's summary states: "Current law does not limit video lottery retailers' commissions." As the Attorney General acknowledged at oral argument, however, there are legal limits on the amount of lottery retailers' commissions. For example, ORS 461.500 requires that at least 84 percent of gross lottery revenues either shall be returned as prizes or devoted to the public purposes for which the lottery is authorized. It follows that the first sentence of the Attorney General's summary does not state present law accurately.

The remaining issue is remedy. One solution simply would be to delete the sentence. However, we think that the better course is to substitute a sentence that is a neutral and accurate statement that provides some information to voters. We therefore substitute the following for the first sentence in the summary: "Video lottery retailers' commissions are set by contract with the Lottery Commission."[1]

---

[1] The number of words in our substitute first sentence requires us to delete the article "The" from the beginning of the second sentence and to substitute "such" for the phrase "video lottery" later in that sentence. *See* ORS 250.035(2)(d) (1997) (setting 85-word limit for summary). Neither of those changes affects the substance of the second sentence.

We have considered petitioner's other arguments concerning the Attorney General's summary and find them not to be well taken. We certify the following ballot title to the Secretary of State:

LIMITS VIDEO LOTTERY RETAILERS' COMMISSIONS UNLESS CERTAIN WAGES, BENEFITS PROVIDED

RESULT OF "YES" VOTE: "Yes" vote limits video lottery retailers' commissions, unless retailer provides "living wage" and health benefits.

RESULT OF "NO" VOTE: "No" vote allows Lottery Commission to continue to set commissions for video lottery retailers.

SUMMARY: Video lottery retailers' commissions are set by contract with the Lottery Commission. Average commission now paid to such retailers is 32.5 percent of video lottery net receipts, which are receipts after prizes are paid. Measure provides that contracts entered into with video lottery retailers must limit commissions to 15 percent of net receipts. Exception for retailers who agree to pay "living wage" and offer health insurance to employees. "Living wage" is $10.07 per hour, adjusted annually for inflation. Violations of agreement lead to monetary sanctions.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).